UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK UZOMBA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-08-CA-416-XR |
| CITY of SAN ANTONIO, | § | |
| SAPD OFFICER R. GARCIA, and | § | |
| SAPD OFFICER JOSEPH BROWN, | § | |
| | § | |
| Defendants | § | |

# O R D E R

On this date, the Court considered Plaintiff's motion for reconsideration (docket no. 105) of this Court's Order dated March 4, 2011. After careful consideration, the motion for reconsideration is granted in part and denied in part.

The facts and procedural history of this case are set out at length in the Court's March 4, 2011 Order (docket no. 98). Uzomba's Amended Complaint (docket no. 14), which is currently the live pleading, alleges that: (1) on February 14, 2007, he was arrested without probable cause by SAPD Officer Joseph Brown for criminal mischief, and his automobile and its contents were misappropriated; (2) on December 6, 2007, he was arrested without probable cause by SAPD Officer R. Garcia for possession of drug paraphernalia and a lockblade knife, and a large sum of money he had been carrying in his shoe was misappropriated; (3) on January 3, 2008 he was arrested without probable cause by unknown SAPD officers for burglary of a habitation and was denied necessary medical treatment for his low blood sugar; and (4) on April 11, 2008 he (a) unknown SAPD officers

1

failed to provide necessary medical treatment after he was stabbed by friends of the burglary victim and would not let him file charges against the individuals who had attacked him, and (b) was later assaulted by unknown SAPD officers and UHS employees and falsely charged with assault and resisting arrest.

Defendants Brown, Garcia, and the City filed motions for summary judgment. In reviewing the Magistrate Judge's memorandum and recommendation on the motions, the Court granted summary judgment in favor of Officer Brown, but denied summary judgment with regard to the Fourth Amendment claims against Officer Garcia related to the December 2007 incident. With regard to Uzomba's claims against unknown SAPD officers arising out of events occurring on January 3, 2008 and April 11, 2008, the Court viewed these claims as having been asserted against "John Doe" defendants. In his Response to Defendants' motions for summary judgment, Plaintiff identified the unknown officers and moved for summary judgment on these claims, asserting that Defendants provided no opposition, contradictory evidence, or defense to these claims. Magistrate Judge Mathy noted that, to the extent Uzomba was seeking summary judgment against the newly identified police officers, they had not been made parties to this lawsuit or served, and she concluded moreover, that any claims against these officers were time-barred.

This Court noted that, in order to proceed with his claims against the Unknown SAPD Officers (now identified), Uzomba needed to file a motion for leave to amend his complaint to name the officers. Uzomba stated that he wished to name certain SAPD officers as defendants: Officers J. Piotrowski and E. Galvan with regard to his claims related to the January 3, 2008 incident (denial of medical treatment and false arrest for burglary); and Officers Matthew Paz, Lisa Massiate, FNU Edward, Joe Rodriguez, and Gloria Belcher with regard to his claims related to the April 2008

incidents (denial of medical treatment after stabbing, refusal to let Uzomba file charges against assailants, assault by Gloria Belcher and others at University Hospital, and filing of false charges for resisting arrest and assault on a public servant by Gloria Belcher). Because Plaintiff is *pro se*, the Court construed this as a motion for leave to amend his Complaint.

Because the motion was filed after the scheduling order deadline, the Court noted that the stricter "good cause" standard of Rule 16 applied in addition to the Rule 15 standard. Under either standard, however, the Court would have to determine whether amendment would be futile, and thus the Court turned to that issue first.

Magistrate Judge Mathy concluded that any claims against the newly identified officers were time-barred because Uzomba complained of events occurring on January 3 and April 11, 2008, and he did not seek leave to amend to identify the officers until April 12, 2010. MNR at 43 & n.213. The Court agreed that Plaintiffs' claims of denial of medical care and assault related to the January 2008 incident accrued on January 3, 2008, and that the false arrest claim accrued no later than February 28, 2008, when Plaintiff was released. Thus, the Court agreed that all claims arising out of the January 2008 incident were barred by limitations.

With regard to the claims arising out of the April 11, 2008 incidents, the Court also concluded that Plaintiff's claims of failure to render aid, failure to allow him to file charges, and assault/excessive force accrued on April 11, 2008 and were barred by limitations. However, with regard to Plaintiff's claims of false arrest and/or malicious prosecution against Officer Gloria Belcher, accrual of the limitations period was less clear, and thus the Court disagreed with Magistrate Judge Mathy that this claim was necessarily time-barred. Concerning the merits of the false arrest claim, the Court noted that Plaintiff failed to allege any actionable wrongdoing on the

part of Officer Belcher with regard to the arrest for burglary of a habitation. Plaintiff alleged that Belcher arrested him pursuant to an outstanding felony warrant, and the existence of an arrest warrant normally insulates a police officer from liability for false arrest. *Club Retro LLC v. Hilton*, 568 F.3d 181, 205 n.20 (5th Cir. 2009). Though Plaintiff also alleged that the warrant was a "phantom" warrant that had not been produced and may not have even existed, Plaintiff failed to allege any bad faith on the part of Belcher sufficient to overcome any defense of qualified immunity. *Rodriguez v. Ritchey*, 539 F.2d 394, 300 (5th Cir. 1976) ("Even if misinformed as to the facts, an arresting officer who acts with probable cause or in reasonable good faith as to the validity of his actions is not liable in action for false arrest or for the consequences ensuing from such an arrest."). There was no allegation that Belcher had any reason to doubt the existence of a warrant or that she was otherwise acting in bad faith.

      Plaintiff further alleged that excessive force was used during the arrest, and that he was subsequently charged with resisting arrest and assault on a public servant (Nurse Curling). With regard to the claim that Belcher filed false charges against Plaintiff for aggravated assault on a public servant (which charge was dismissed), the Court found that the claim necessarily failed because Plaintiff suffered no independent harm from the filing of the charge. The charge was made in addition to the resisting arrest charge, and both stemmed from his arrest for burglary. There is no freestanding § 1983 claim for malicious prosecution, and thus Plaintiff has no claim just because false charges were allegedly filed. Since the alleged false charge did not result in an arrest or detention that would not have otherwise occurred, Plaintiff failed to state a claim based on the alleged filing of false charges for assault. With regard to the resisting arrest charge, the Court noted that because the status of Plaintiff's resisting arrest charge is unknown, Plaintiff's claim for assault

4

(and, to the extent brought, filing false charges for resisting arrest) may be barred by *Heck v. Humphrey*. Thus, the Court found that only some of the claims arising from the April 11, 2008 incident were barred by limitations, but found that leave to amend with regard to the other claims should nevertheless be denied because the Plaintiff failed to state a claim upon which relief could be granted.

Reviewing Plaintiff's motion for reconsideration, the Court finds that reconsideration is not warranted except as to the claims arising from the incidents of April 11, 2008 that the Court found to be barred by limitations. Plaintiff's implied motion for leave was dated and filed April 12, 2010. Because the limitations period is two years, *Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008), it appeared, and the Magistrate Judge found, that all claims were barred by limitations such that amendment would be futile. Except as to the false arrest/false charges claims, the Court accepted the Magistrate Judge's recommendation to deny relief because the claims were barred by limitations. In his motion for reconsideration, however, Plaintiff notes that April 11, 2010 was a Sunday, and thus he was unable to file his response/motion until Monday April 12. The Court had not previously considered whether this fact would extend the limitations period to the following Monday. Under Texas law, "[i]f the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day that the county offices are open for business." TEX. CIV. PRAC. & REM. CODE §16.072. Because this Court applies state-law tolling principles in § 1983 actions, *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 984 & n.8 (5th Cir. 1992), Plaintiff's claims related to the April 11, 2008 incident are not barred by limitations because Plaintiff sought leave to amend to identify the previously unknown officers within the extended limitations period.

5

Accordingly, the Court grants the motion for reconsideration with regard to the Court's prior conclusion that certain of Plaintiff's claims related to the April 11, 2008 incident are barred by limitations. With regard to the events of April 11, 2008, Plaintiff alleges that he was stabbed and that certain SAPD officers would not arrest the attackers and would not allow him to file charges, and that they failed to render aid, forcing him to make his own way to the hospital. Plaintiff alleges that he was later assaulted at the hospital and/or that excessive force was used during the arrest. However, it is unclear which officers allegedly engaged in which actions and exactly what transpired or on what basis Plaintiff was allegedly denied police services. Plaintiff shall therefore file an advisory with the Court detailing the occurrences on April 11, 2008 so that the Court may evaluate the claims to determine whether leave to amend should be granted. Plaintiff shall also inform the Court as to the disposition of the resisting arrest charge so that it may be determined whether Plaintiff's excessive force/assault claim is barred by *Heck v. Humphrey*.

**Conclusion**

Thus, Plaintiff's motion for reconsideration (docket no. 105) is GRANTED IN PART and DENIED IN PART. The motion is granted with regard to the Court's conclusion that certain claims related to events that occurred on April 11, 2008 were barred by limitations. Plaintiff shall file an advisory concerning those claims as directed above. The motion is otherwise denied.

SIGNED this 27th day of October, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE